# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 13, 2013

## DANIEL LEE DRAPER v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-13-CR-51      Joseph H. Walker, III, Judge**

---

**No. W2013-01030-CCA-R3-HC  - Filed January 31, 2014**

---

The *pro se* petitioner, Daniel Lee Draper, appeals the summary dismissal of his petition for writ of habeas corpus.  He argues that the trial court did not have jurisdiction to sentence him to life with the possibility of parole, that the habeas court erred in summarily dismissing his petition without a hearing, and that the habeas court erred in failing to treat his habeas petition as a post-conviction petition.  After review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Daniel Lee Draper, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Tracy L. Bradshaw, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On September 26, 2002, the petitioner pled guilty in the Sullivan County Criminal Court to first degree felony murder and aggravated child abuse, in exchange for sentences of life with the possibility of parole and twenty-five years, to be served concurrently.  See Daniel Lee Draper v. State, No. E2009-00952-CCA-R3-PC, 2010 WL 5343193, at *1 (Tenn. Crim. App. Dec. 21, 2010), perm. app. denied (Tenn. Apr. 13, 2011).

The petitioner subsequently filed a petition for post-conviction relief but voluntarily

dismissed it on September 8, 2005, when the trial court denied his motion to disqualify the district attorney's office. Id. Thereafter, he then filed a motion to reopen the petition on August 22, 2006, but the trial court denied the motion, and this court denied his application to appeal the denial of the motion to reopen. Id. Later, on May 14, 2007, the petitioner filed another petition for post-conviction relief. Id. The post-conviction court dismissed the petition without appointing counsel or conducting an evidentiary hearing, determining that the petition was barred by the one-year statute of limitations and that the petitioner's claims had been previously determined on the merits by this court's order dismissing the motion to reopen. Id. at *2. This court affirmed the post-conviction court's dismissal of the petition on appeal. Id.; see also Daniel Lee Draper v. State, No. E2007-01485-CCA-R3-PC, 2008 WL 5130503 (Tenn. Crim. App. Dec. 5, 2008), perm. app. denied (Tenn. May 4, 2009).

On February 3, 2009, the petitioner filed a petition for writ of error coram nobis. Daniel Lee Draper, 2010 WL 5343193, at *2. The error coram nobis court dismissed the petition, holding that the petitioner was attempting to reopen the motion to suppress his confession, that the evidence described in the petition was not new, that the ineffectiveness of his trial counsel was not a proper ground for relief, and that he raised similar issues in his petition for post-conviction relief. Id. The court also held that the petition was barred by the statute of limitations. Id. This court affirmed the trial court's ruling. Id. at *5-6.

On April 10, 2013, the petitioner filed a petition for writ of habeas corpus in the Hardeman County Circuit Court. In his petition, the petitioner contended that his sentence was void and illegal because "this sentencing option [life with the possibility of parole] did not exist in Tennessee at the time [the] [p]etitioner's offense allegedly occurred[.]" The habeas court entered an order denying the petition on April 16, 2013. The habeas court determined that the trial court had jurisdiction and authority to sentence the petitioner to the sentence he received and that the petitioner's sentences had not expired. The court also noted that it could summarily dismiss a petition without a hearing if the petition demonstrated no right to relief. The petitioner appealed.

## ANALYSIS

On appeal, the petitioner argues that the trial court did not have jurisdiction to sentence him to life with the possibility of parole, that the habeas court erred in summarily dismissing his petition without a hearing, and that the habeas court erred in failing to treat his habeas petition as a post-conviction petition and toll the statute of limitations on due process grounds.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's

term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). Thus, habeas corpus relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer v. State, 851 S.W.2d 157, 162, 164 (Tenn. 1993) (citation and internal quotation marks omitted).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers, 212 S.W.3d at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the habeas court. Id.

The petitioner's claim that a life sentence with the possibility of parole was not a statutorily authorized punishment must fail because the petitioner received a valid sentence under our sentencing laws. Tennessee Code Annotated section 39-13-202, which defines first degree murder, states that the possible punishments for first degree murder are: (1) death; (2) imprisonment for life without possibility of parole; or (3) imprisonment for life. Id. § 39-13-202(c). Tennessee Code Annotated section 40-35-501(i) states:

> (1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).
>
> (2) The offenses to which subdivision (i)(1) applies are:
>
> (A) Murder in the first degree[.]

During the petitioner's plea hearing, the trial court explained to the petitioner the three possible punishments for a first degree murder conviction: death, life without the possibility of parole, and life with the possibility of parole. Although the court used the phrase "life sentence with the possibility of parole," instead of "life," to describe the petitioner's sentence

under the plea, the court explained that such sentence was a mandatory sixty-year sentence with the potential that it could be reduced by as much as fifteen percent for good behavior, equating to a fifty-one-year sentence, but that such reduction was not guaranteed. The court's explanation was directly in line with the statute. In addition, an opinion by the Tennessee Attorney General submitted by the petitioner in support of his claim explains the same thing and concludes that "the mandatory minimum percentage of a life term that must be served prior to becoming release eligible is 85% of sixty years, or fifty-one years." Op. Att'y Gen. No. 97-098 (July 1, 1997).

Moreover, the habeas court did not err in dismissing the petition without a hearing. It is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void, such as the case here. Summers, 212 S.W.3d at 260; Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

As to the petitioner's final issue, under certain circumstances, a petition for writ of habeas corpus may be treated as a petition for post-conviction relief under Tennessee Code Annotated section 40-30-205(c); however, the statute of limitations for filing a post-conviction petition is one year from the date of the final action of the highest state appellate court to which an appeal is taken or within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-102(a). Here, the petitioner pled guilty in 2002, but the habeas corpus petition was not filed until 2013. Therefore, even if we were to treat the petition as one for post-conviction relief, it would be barred by the expiration of the statute of limitations, Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997), and the petitioner has failed to make a prima facie showing that the statute of limitations should be tolled.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE

-4-